Case 1:17-cv-00388-ACK-RLP   Document 1   Filed 08/09/17   Page 1 of 7   PageID #: 1

ACK

ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
AUG 07 2017
at 1 o'clock and 40 min. PM
SUE BEITIA, CLERK

| | |
|---|---|
| *Jonathan Brian Thomas* | **Complaint for a Civil Case Alleging Negligence** |
| **Versus** | (28 U.S.C. § 1332; Diversity of Citizenship) |
| **Blizzard Entertainment, Inc.** | Case No. CV17 00388 ACK RLP |
| | Jury Trial Demanded |

# The Parties to This Complaint:

## The Plaintiff

Jonathan Brian Thomas
220 Sedgebrook Drive
Warner Robins, Georgia 31088

(808) 936-6914

jbthomas@d-cubed.org

The plaintiff, Jonathan Brian Thomas is a citizen of The United States of America and a Citizen of the State of Hawaii.

## The Defendant

Blizzard Entertainment, Inc.
16215 Alton Parkway
Irvine, California, 96218

1-800-592-5499

legal@blizzard.com

The defendant, Blizzard Entertainment, Inc. is incorporated under the laws of the State of California and has its principal place of business in the State of California.

**The Amount in Controversy:**

The amount in controversy is more than $75,000, not counting interest and costs of court, because:

1) The value of the account in dispute and items contained in it is over $75,000 in collectible value.
2) The defendant's negligent act had at least a minor impact on the plaintiff, causing injury and the plaintiff is entitled to additional monetary compensation.

- Complaint -

I am a United States citizen and have been a resident of the state of Hawaii since January, 2001. The defendant, Blizzard Entertainment, Inc. is a business located in Irvine, California, USA, and is licensed to do business in the United States.

The Defendant, Blizzard Entertainment, Inc. has designed and distributed interactive role playing internet games to the public, including the game "World of Warcraft" since February 8th, 1991 when they were known as "Silicon & Synapse".

In 2005 or 2006, I opened a single gaming account with Blizzard Entertainment, thereby becoming licensed to play World of Warcraft. The account was paid for by charge card. I had played the game "World of Warcraft" daily since around March 2006, with 90 months continuous subscription, accumulating play time in the amount of 688 twenty-four hours days for a total of 16,512 hours of play time. This is a substantial amount by any standard. 16,512 / 64,800 yields a percentage of 25.481 percent, a quarter of the life I had lived in that decade of time. I experienced great feelings of euphoria and satisfaction from persistent play, as did other users of World of Warcraft. I became psychologically dependent and addicted to playing World of Warcraft during this time. During the years that I played World of Warcraft, the phenomena of psychological dependence and addiction to playing computer games was recognized by and known by the defendants. The defendants never gave me any notice or warning of the danger of psychological dependence or addiction from continued play.

Also during that time, to build its reputation and increase profits, defendants had to continually create new game versions in the form of "patches" and "expansion packs", and sell more licenses. If a player did not download the newest patch or expansion pack, then a player became locked out from the older version of World of Warcraft, thus creating popularity and publicity for the newer patch or expansion pack, thereby selling a larger amount of users/licensees, and increased profits for the defendants.

  On a day in late late August of 2015, I discovered that I had been locked out of the game, i.e., that the defendants had 'banned' me from further play of the game. I received no warning that my account was in danger of being banned or had even been banned. I made numerous attempts to contact the defendants to determine why he was banned, but found that there was a maze of purposeful obstruction to receive any information on why I was locked out. I was finally able to reach a representative at Blizzard Entertainment by telephone after dozens of attempts. A representative confirmed that indeed it had been banned but that he would appeal it for me. I also submitted an account ticket requesting to know why I was permanently banned. I was told at a later date that I had been reported for "cheating" and that the tech people there confirmed I had been. I was puzzled, as I wasn't even aware there was a way a person could "cheat" in the game. Upon investigation, I found that only a month before, Blizzard Entertainment had banned over 100,000 players that had used "bots" or outside programs that intentionally cheat at PvP (a form of Player Versus Player combat). These accounts were not banned permanently, like mine, but temporarily, for six months. I had never used an outside program to PvP and was confused as to how they could have arrived at such a conclusion. I feel like a lack of proper review was done. I wrote their legal department by Certified Mail and obtained a US Postal Service Return Receipt on September 9th. The USPS Tracking number was 7014-1820-0000-1395-0236. I did this within the time limit, as per their Dispute Resolution Policy. There has been no further notification from them in their online support ticket center, or from their legal department.

  I had pre-paid for access to my account and had a significant amount of play left at the time may account was banned. I believe that this is a tactic used by the company to make people spend money on multiple accounts, or spend money on their new games I believe that this type of deception constitutes fraud. The defendants unlawfully retained my money on the account for playtime that was intentionally withheld and denied. The account in question has hundreds of hard to obtain and no longer obtainable collectible items attached to it, and has a tangible worth well over $200,000. I worry that my account could be sold off at a later date and that this was a move to do just that.

   I have suffered extreme depression and debilitating emotional distress as a result of the actions by the defendants. I continue to this day to have a compulsive urge and need to play World of Warcraft on a daily basis, so much so that I have to play on a private server known as "Vanilla Gaming" that hosts the game in a foreign country. If I don't, I fall back into a deep state of depression. This addiction is debilitating and a waste of my valuable time, energy, and resources. To this day I have never received any warning, notice, or advice from the defendants as to the danger of addiction from playing World of Warcraft. I would not have bought and played World of Warcraft if I had been aware that I would be subjected to the dishonesty and unfairness of the defendants, or that I would have become highly addicted to the game.

   The defendants have engaged in fraud, misrepresentation/deceit, unfair and deceptive trade practices, negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and gross negligence. It is my understanding that a EULA (end-user license agreement), which I had been subjected to in the form of shrink-wrap, that strips a consumer of their right to seek redress in their own jurisdiction for software that has harmed them, real or imagined, has been found to be invalid. Hawaii law bars contract provisions that waive in advance the ability to make gross negligence claims.

I am seeking monetary damages over $75,000 to be proven at trial (including punitive damages) and immediate restoration of my account, which still has substantial value to me.

**Certification and Closing:**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: August 1st, 2017

Signature of Plaintiff _____

Printed Name of Plaintiff  Jonathan Brian Thomas